➡AO 451 (Rev.12/93) Certification of Judgment

# UNITED STATES DISTRICT COURT

DISTRICT OF **NEVADA**

Koninklijke Philips Electronics N.V.

V.

KXD Technology, Inc., et al.

**CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**

2:09-mc-00258 UA

Case Number: ~~2:05-CV-01532~~

I, **LANCE S. WILSON** Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action **July 2, 2008**, as it appears in the records of this court, and that

**an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on July 1, 2009.**

**IN TESTIMONY WHEREOF**, I sign my name and affix the seal of this Court.

_8-25-09_
Date

Clerk

(By) Deputy Clerk

---

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

Case 2:05-cv-01532-RLH-GWF   Document 914   Filed 07/02/2008   Page 1 of 6

1
2
3
4
5
6
7                              UNITED STATES DISTRICT COURT
8                                    DISTRICT OF NEVADA
9                                            * * *

10  KONINKLIJKE PHILIPS ELECTRONICS          )   Case No.: 2:05-cv-01532-RLH-GWF
    N.V., a Netherlands Corporation,         )   Case No.: 2:06-cv-00101-RLH-GWF
11                                           )
                Plaintiff,                   )              **JUDGMENT**
12                                           )
           vs.                               )
13                                           )
    KXD TECHNOLOGY, INC.; ASTAR              )
14  ELECTRONICS, INC.; ASTAR                 )
    ELECTRONICS USA, INC.; SHENZHEN          )
15  KXD MULTIMEDIA CO., LTD.; SHENZHEN )
    KAIXINDA ELECTRONICS CO., LTD.; KXD )
16  DIGITAL ENTERTAINMENT, LTD.; JINGYI )
    LUO, a/k/a JAMES LUO; FUSHENG LIU,       )
17  a/k/a LIU FUSHENG, a/k/a FU SHENG LIU;   )
    SUNGALE GROUP, INC.; SUNGALE             )
18  ELECTRONICS (SHENZHEN), LTD.; AMOI       )
    ELECTRONICS, INC.; AMOI ELECTRONICS)
19  CO., LTD.; AMOI ELECTRONICS, LTD.;       )
    CHINA ELECTRONICS CORPORATION;           )
20  AMOISONIC ELECTRONICS, INC.;             )
    INTERNATIONAL NORCENT                    )
21  TECHNOLOGY, INC.; NORCENT                )
    HOLDINGS, INC.; SHANGHAI                 )
22  HONGSHENG TECHNOLOGY CO., LTD.;          )
    SHENZHEN NEWLAND ELECTRONIC              )
23  INDUSTRY CO., LTD.; DESAY A&V (USA), )
    INC.; DESAY A&V SCIENCE &                )
24  TECHNOLOGY CO., LTD.; DESAY              )
    HOLDINGS CO., LTD.; XORO                 )
25  ELECTRONICS (SHANGHAI), LTD.;            )
    SHENZHEN XORO ELECTRONICS CO.,           )
26  LTD.; MAS ELEKTRONIK AG                  )

                                             1

AO 72
(Rev. 8/82)

CORPORATION; SHENZHEN ORIENTAL DIGITAL TECHNOLOGY CO., LTD.; and JOHN DOES 1 THROUGH 20,

Defendants.

Before the Court is Plaintiff's **Motion for Default Judgment Against Defendants KXD Technology, Inc., Astar Electronics, Inc., Astar Electronics USA, Inc., Shenzhen KXD Mutlimedia Co., Ltd., Shenzhen Kaixinda Electronics Co., Ltd., KXD Digital Entertainment, Ltd., Jingyi Luo a/k/a James Luo, and Fusheng Liu a/k/a Liu Fusheng a/k/a Fu Sheng Liu** (#821), filed January 25, 2008. The Court has also considered Defendants Astar Electronics, Inc., Shenzhen Kaixinda Electronics Co., Ltd., Shenzhen KXD Multimedia Co., Ltd., KXD Digital Entertainment, Ltd., and Jingyi Luo, a/k/a. James Luo's Opposition (##828–829), filed February 12, 2008, and Plaintiff's Reply (#831) and Memorandum (#832), filed February 26, 2008.

Also before the Court is Plaintiff's **Renewed Motion for Default Judgment Against Fusheng Liu, a/k/a Liu Fusheng, a/k/a Fu Sheng Liu** (#861), filed May 2, 2008. Fusheng Liu did not oppose the Renewed Motion and he will therefore be grouped with the other KXD Defendants for purposes of this Judgment Order.

The Answers to the First Amended Complaint of these Defendants were stricken and the defaults were entered on May 9, 2008. (Dkt. #868.) The defaults having been entered, the Court held a Hearing on June 11 and 12, 2008, to determine damages. Before the Hearing, the Court was informed that Defendant Jingyi Luo filed for bankruptcy and therefore this case is stayed as to him. However, having considered fully the evidence presented, the Court finds that Judgment is justified for Plaintiff as to all other Defendants mentioned herein: Astar Electronics, Inc., Shenzhen Kaixinda Electronics Co., Ltd., Shenzhen KXD Multimedia Co., Ltd., KXD Digital Entertainment, Ltd., and Fusheng Liu, a/k/a Liu Fusheng, a/k/a Fu Sheng Liu (hereinafter "KXD Defendants").

AO 72
(Rev. 8/82)

2

Pursuant to the Findings of Fact, Conclusions of Law, and Decision entered herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Judgment be entered against the KXD Defendants as follows:

(1) Judgment is for (1) federal trademark infringement and counterfeiting (15 U.S.C. § 1114(1)); (2) federal unfair competition and false designation of origin (15 U.S.C. § 1125(a)); (3) federal trademark dilution (15 U.S.C. § 1125(c)); (4) deceptive trade practices (Nev. Rev. Stat. § 598.0915); and (5) common law trademark infringement and unfair competition.

(2) The KXD Defendants and their agents, servants, employees, representatives, successors, assigns, whether they be persons, firms, or corporations, are hereby permanently enjoined and restrained from directly or indirectly:

   (a) utilizing the Philips DVD+ReWritable & Design trademark, any other mark owned by Philips, or any mark which is substantially similar to the Philips Trademarks, including those marks which are registered with the United States Patent & Trademark Office (hereinafter the "Philips Trademarks") in any infringing manner including generally, but not limited to, manufacturing (or causing to be manufactured), importing, marketing, advertising, selling, offering to sell, distributing, and otherwise exploiting any merchandise which infringes said Philips Trademarks;

   (b) using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Philips Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Philips, or to any

|     |     |                                                                                      |
| --- | --- | ------------------------------------------------------------------------------------ |
| 1   |     | goods sold, manufactured, sponsored, approved by, or connected                       |
| 2   |     | with Philips;                                                                        |
| 3   | (c) | engaging in any conduct that tends to falsely represent, or is likely to             |
| 4   |     | confuse, mislead, or deceive purchasers, the KXD Defendants'                         |
| 5   |     | customers, and/or members of the public into believing, that the                     |
| 6   |     | actions of the KXD Defendants, the products sold by the KXD                          |
| 7   |     | Defendants, or the KXD Defendants themselves are connected with                      |
| 8   |     | Philips, are sponsored, approved, or licensed by Philips, or are in any              |
| 9   |     | way connected or affiliated with Philips;                                            |
| 10  | (d) | affixing, applying, annexing, or using in connection with the                        |
| 11  |     | importation, manufacture, distribution, advertising, sale, and/or                    |
| 12  |     | offering for sale of any goods or services, a false description or                   |
| 13  |     | representation, including words or other symbols tending to falsely                  |
| 14  |     | describe or represent such goods as being those of Philips;                          |
| 15  | (e) | infringing the aforementioned Philips Trademarks, and damaging                       |
| 16  |     | Plaintiff's goodwill, reputation, and business;                                      |
| 17  | (f) | using or continuing to use the Philips Trademarks or trade names or                  |
| 18  |     | any variation thereof in any manner which infringes or tends falsely                 |
| 19  |     | to represent sponsorship, association, or approval by Philips such as                |
| 20  |     | on the Internet (either in the text of websites, as a domain name, or                |
| 21  |     | as a key word, search word, metatag, or any part of the description of               |
| 22  |     | the site in any submission for registration of any Internet site with a              |
| 23  |     | search engine or index) in connection with any goods or services not                 |
| 24  |     | directly authorized by Philips;                                                      |
| 25  | (g) | secreting, destroying, altering, removing, or otherwise dealing with                 |
| 26  |     | the unauthorized products or any books of records which contain any                  |

|  |  |  |
|---|---|---|
|  |  | information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Philips Trademarks; and |
|  | (h) | effecting assignments or transfers of money, real or personal property, business licenses, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions or restrictions set forth in paragraphs (a)–(g), above; |

The prohibitions set forth in paragraphs (a)-(h), above, do not enjoin the KXD Defendants or any related entities from engaging in comparative advertising, classic or nominative fair use, or other protected First Amendment activities to which the KXD Defendants are entitled under the Constitution of the United States.

(3) The KXD Defendants are jointly and severally liable, and shall pay Philips compensatory treble damages in the amount of **$112,152,659.40** based upon the KXD Defendants' willful infringement and profits for sales of Counterfeit Products.

(4) The KXD Defendants are jointly and severally liable, and shall pay Philips punitive damages in the amount of **$5,000,000.00**.

////
////
////
////
////
////
////

1  (5)  The Judgment is entered against fewer than all of the parties to this action;
2  the Court expressly determines there is no just reason for delay for entering
3  this Judgment pursuant to Federal Rules of Civil Procedure 54(b) and the
4  Court directs entry of this Judgment against Defendants Astar Electronics,
5  Inc., Shenzhen Kaixinda Electronics Co., Ltd., Shenzhen KXD Multimedia
6  Co., Ltd., KXD Digital Entertainment, Ltd., and Fusheng Liu, a/k/a Liu
7  Fusheng, a/k/a Fu Sheng Liu.

8  Dated: July 1, 2008.

_____
ROGER L. HUNT
Chief United States District Judge

I hereby attest and certify on 8-25-09
that the foregoing document is a full, true
and correct copy of the original on file in my
legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
By _____ Deputy Clerk

AO 72
(Rev. 8/82)

6

```
9/1/2009 11:06:49 AM  Receipt #: 121843
       Cashier : KPAGE [LA 1-1]
Paid by: L/O OF W. W. FARRER
2:MC09-00258
2009-086900    Indexing Misc. paper(1)
Amount :                        $20.00
2:MC09-00258
2009-510000    Judicial Services ($19)(1)
Amount :                        $19.00
Check Payment : 7144 /          39.00
Total Payment :                 39.00
```